PEDRO AQUINO ET AL., Plaintiffs and Appellants, v. F. CARRERA & HNO., Defendant and Appellee.

No. 9020. Argued December 20, 1944.—Decided January 9, 1945.

*Antonio J. Amadeo* for appellants.  *Géigel & Silva* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

F. Carrera & Hno., a mercantile partnership, sued the heirs of Pedro Aquino to collect the balance of $1,045.50 allegedly due from Aquino, a retail merchant, when the latter died. To secure the effectiveness of the judgment it might thereafter obtain in the said suit, F. Carrera & Hno. attached certain property belonging to the said heirs. The suit proceeded to trial, and a judgment was rendered in favor of F. Carrera & Hno., which was affirmed on appeal to this court. 60 P.R.R. 140.

As an outgrowth of the aforesaid attachment, the said heirs filed a suit for damages against F. Carrera & Hno. The gist of their complaint is that the Marshal of the District Court of Bayamón, after he had attached the property of the said heirs in the suit for the collection of money filed by F. Carrera & Hno., had delivered the said property to F. Carrera & Hno., who had removed it to San Juan, without any order of court or notification thereof to the heirs.

F. Carrera & Hno. demurred to the complaint in the said damage suit. The district court sustained the demurrer, giving the plaintiffs ten days to amend their complaint. When they failed to do so, judgment was entered in favor of the

defendant, F. Carrera & Hno. The plaintiffs have appealed from said judgment.

■ The suit filed by F. Carrera & Hno. for the collection of money was originally filed in the District Court of San Juan. That suit was removed at the instance of the heirs of Aquino to the District Court of Bayamón. The attachment order was issued, prior to removal, by the District Court of San Juan, directed to the Marshal of the District Court of Bayamón. We therefore begin by pointing out that this order of attachment, issued by the District Court of San Juan to secure the effectiveness of a judgment it might render, could be validly directed to and executed by the Marshal of the District Court of Bayamón on property located in Bayamón. Indeed, the appellants themselves, in the light of *Carlo* v. *District Court,* 58 P.R.R. 889, and § 245, Code of Civil Procedure, 1933 ed., now concede that the said order was validly issued and executed.

■ The only point the heirs make on appeal is that the removal of the attached property to San Juan by F. Carrera & Hno. was illegal, and that they were damaged thereby. We find it unnecessary, in order to dispose of this contention, to determine if under the circumstances of this case the removal of the attached property to San Juan was valid. We assume, without deciding, that it was unauthorized. But the said removal of the attached property by F. Carrera & Hno. to San Juan could have no effect on the validity of the original order and the attachment pursuant thereto. Once it is conceded, as here, that these original steps were properly taken pursuant to law, a subsequent illegal act could not operate retroactively to invalidate the order and attachment *ab initio.* It is clear that at the most the said removal of the property to San Juan—which we assume, without deciding, was illegal—resulted only in dissolving the originally valid attachment of this particular property. The heirs of Aquino, if the attachment was thus dissolved, could at this stage of the proceedings have reclaimed their

property, which was now free of attachment. Or the property could have been attached once more by F. Carrera & Hno. or by other creditors. The instant suit for damages is silent as to what happened to the property subsequent to the alleged dissolution of the attachment. It does not allege that the property was damaged, or even that it remained in the hands of F. Carrera & Hno. Indeed, for all the complaint shows, it may have been immediately recovered intact by the appellants.

██ The case therefore comes down to this: the attachment was originally valid; the appellants can therefore claim no damage resulting therefrom. The attachment—we assume *arguendo*—was dissolved by removal of the property from the judicial district where it was originally attached. But damage does not *ipso facto* result from dissolution of a valid attachment. And the appellants refused to amend their complaint to allege facts showing the damage to them resulting from the dissolution of the **attachment. The district** court therefore did not err in entering judgment in favor of the defendant.

The judgment of the district court will be affirmed.

Mr. Chief Justice Travieso did not participate herein.